UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERIEL D. WADSWORTH,

       Plaintiff,

v.                                                       Case No. 10-11216
                                                       Honorable Julian Abele Cook, Jr.

COMMISSIONER OF
SOCIAL SECURITY

       Defendant.

## ORDER

This is a case in which the Plaintiff, Jeriel D. Wadsworth, has challenged the final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for disability insurance benefits and supplemental security income. Both parties have now filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of their respective positions, each party has asserted that there are no genuine issues of material fact to be resolved by the Court.

The Court referred these motions to Magistrate Judge Laurie Michelson who, on May 18, 2011, issued a report in which she recommended that the Court (1) deny Wadsworth's motion for summary judgment, (2) grant the Commissioner's motion for summary judgment, and (3) affirm the now-challenged decision denying disability insurance benefits and supplemental security income. Neither party filed an objection to the report.

I.

Wadsworth is a man in his late thirties who, having acquired a General Equivalency Diploma, has past work experience as a nurse's aide. In his application for disability benefits, Wadsworth contends that he suffers from dyslexia, diabetes, anger, and depression.  Due to his dyslexic condition, he has chosen not to take the reading test that is required of all persons who seek to obtain a driver's license in Michigan. Wadsworth also complained of eye problems (i.e., blurry and double vision) which he attributes to his diabetic condition that is not controlled by medication. Finally, he also notes that some of his medicines are taken to manage his feelings of anger and aggression.

Wadsworth filed his Title II application for disability insurance benefits and Title XVI application for supplemental security income with the Social Security Administration ("SSA") in November 2007.[1]  Subsequently, the SSA denied both of his claims, in which he had asserted claims of disability beginning in July 29, 2002. At a *de novo* hearing on July 21, 2009, Wadsworth challenged the SSA's rejection, and amended the alleged onset date of his disability to February 28, 2008. Notwithstanding, Administrative Law Judge James P. Alderisio denied Wadsworth's claims on October 28, 2009, after finding that, even though he was not able to perform his past relevant work as a nurse's aide, there remained a significant number of jobs available in the regional economy that could be performed by him.  Specifically, Judge Alderisio concluded that Wadsworth could perform light work occupations which did not require any prior experience (e.g., packer, sorter, or cleaner).  Through the application of the SSA's five-step sequential evaluation process, Judge Alderisio ultimately concluded that Wadsworth was not disabled between July 29,

---

[1]According to Wadsworth's earning records, he had acquired sufficient quarters of coverage to remain insured through March 31, 2009.  It is his burden, however, to establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.

2

2002,[2] and October 28, 2009.

At step one, he determined that Wadsworth had not engaged in any substantial gainful activity since the amended onset date of February 28, 2008. At step two, it was his belief that Wadsworth had several severe impairments; namely, diabetes mellitus, peripheral neuropathy, dyslexia, anxiety, and bipolar disorder. At step three, he found that Wadsworth did not have an impairment, or any combination thereof, that met or equaled a listed impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). The administrative law judge was of the opinion that, at most, Wadsworth had only a mild restriction in the activities of his daily living and only moderate difficulties in social functioning, concentration, persistence, and pace.

Prior to considering step four, Judge Alderisio determined that Wadsworth possessed the residual functional capacity to perform light, low stress work that (1) had no exposure to hazardous machinery, (2) was limited to one- to two-step instructions, (3) involved no contact with the public, and (4) did not require driving. It was also noted that Wadsworth had the ability to perform fine and gross manipulation as well as a satisfactory ability to deal with supervisors. At step four, Judge Alderisio concluded that Wadsworth could not perform his past relevant work as a nurse's aide.

At step five, and acting in reliance upon the testimony of a vocational expert, the administrative law judge concluded that (1) there were a significant number of jobs available in the national economy that Wadsworth could perform and (2) the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Tr. 40). Thus, Judge Alderisio

---

[2]This date was used by the vocational expert in her analysis (Tr. 90) and the administrative law judge in the "Holding" and "Conclusion" sections of his decision (Tr. 33, 40). However, as noted above, Wadsworth amended the onset date of his disability to February 28, 2008, which coincided with his commencement of psychiatric treatments. This amended date was used as a benchmark in the "substantial gainful activity" analysis. (Tr. 35).

determined that Wadsworth was not disabled within the meaning of the Social Security Act.

This decision became the final decision of the Commissioner on February 3, 2010, when the Appeals Council denied Wadsworth's request for review. This lawsuit followed shortly thereafter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) his findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

## III.

In his appeal, Wadsworth asserts two points of error. First, he points to the alleged failure of the administrative law judge to (1) give proper deference to opinion of the psychologist, Gary Stuck, and (2) follow the procedural requirements for rejecting a treating source opinion. Second, Wadsworth submits that the administrative law judge did not establish that the testimony of the vocational expert was consistent with the DOT. However, the Commissioner disagrees, contending

that Judge Alderisio's conclusion was correct and properly supported by substantial evidence within the record. For the reasons stated below, the Court agrees with the Commissioner.

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In its evaluation of disability insurance benefits claims, Social Security regulations require the invocation of a five-step procedure. According to the Sixth Circuit, this evaluation procedure should be undertaken in the following manner:

> The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to prelude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (internal citations omitted).

Wadsworth's first argument (to wit, the administrative law judge erred by not giving proper deference to Stuck's opinion) is without merit. Based upon the record, Wadsworth's single encounter with Stuck was not enough to classify him as a treating physician. As the magistrate judge correctly pointed out, the treating physician rule requires an administrative law judge to give greater deference to the opinions from treating physicians than to those of non-treating physicians. *Friend*

*v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010); 20 C.F.R. § 404.1502. Evidence that Wadsworth met with Stuck on only one occasion and that he did not provide any reports which reflected an ongoing treatment regimen suggests that the requisite "on-going treatment relationship" expressed in 20 C.F.R § 404.1502 was nonexistent. Although the record indicates that Wadsworth visited nine different physicians, social workers, psychiatrists, and psychologists for his mental health concerns, he did not establish an "on-going" relationship with any of them, as required by the regulation.[3]

As for Wadsworth's argument that the administrative law judge failed to follow the procedural requirements for rejecting a treating source opinion, the Court finds it unconvincing. The Sixth Circuit has established that an administrative law judge need not explain his reasoning for accepting or rejecting each medical opinion. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 506 (6th Cir. 2006). Nor is he obliged to address every piece of evidence submitted. *Id*. Thus, the Court agrees with Magistrate Judge Michelson's determination that, given the absence of on-going treatment with a treating source, the administrative law judge "neither misstated nor ignored a treating physician's opinion." (Report & Recommendation at 14, ECF No. 14).

Regarding the testimony by the vocational expert, Wadsworth contends that it did not properly correlate with the DOT. This argument is also unpersuasive. When the vocational expert witness was asked by the administrative law judge if a hypothetical individual could work at a light level with (1) no exposure to hazardous machinery, (2) simple one- or two-step instructions, (3) no contact with the public, and (4) a limited but satisfactory ability to deal with supervisors, she opined that such an individual could work in a variety of occupations; namely, as a packer, sorter, or

---

[3]Wadsworth did see one individual (to wit, a social worker at the Lincoln Behavioral Services), for three consecutive visits. (Tr. 383-91) However, it should be noted that the administrative law judge included this professional's opinions in his decision. (Tr. 38).

cleaner. (Tr. 19-20). As detailed in the magistrate judge's report, the DOT's descriptions of the requirements of the three identified occupations are consistent with these limitations. Most importantly, there is evidence in the record that the administrative law judge considered the DOT information in reaching his decision. Specifically, he stated that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with information contained in the Dictionary of Occupational Titles." (Tr. 40). Hence, Wadsworth's second point of error also must be rejected.

Thus, the Court concludes that substantial evidence supports the final determination by the Commissioner that Wadsworth was not disabled.

IV.

For the reasons that have been discussed above, the Court adopts the Report and Recommendation of Magistrate Judge Laurie Michelson. Therefore, (1) the Commissioner's motion for summary judgment is granted, and (2) Wadsworth's motion for summary judgment is denied.

IT IS SO ORDERED.

Date: September 30, 2011                               s/Julian Abele Cook, Jr.
                                                      JULIAN ABELE COOK, JR.
                                                      U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2011

                                                      s/ Kay Doaks
                                                      Case Manager